**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DAVID F. BRACKETT,**

      Petitioner,

**v.**                                       **CIVIL ACTION NO.: 3:14-CV-110
CRIMINAL ACTION NO.: 3:12-CR-59
(GROH)**

**UNITED STATES OF AMERICA,**

      Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING MOTION TO APPOINT COUNSEL**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert issued his R&R on September 8, 2015. ECF No 90.[1] In the R&R, he recommends that the Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 63] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a

---

[1] All references to CM/ECF docket numbers herein refer to Criminal Action No. 3:12-CR-59.

plaintiff's right to appeal a court's order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Seibert's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at the Federal Correctional Institution Butner "Low" on September 15, 2015. On September 18, 2015, the Court received a Motion to Appoint Counsel [ECF No. 92], filed by the Petitioner after his receipt of the R&R. Shortly thereafter, the Petitioner filed a Motion for an Extension of Time [ECF No. 94], in which he averred that he did not have access to the prison law library. In that motion, the Petitioner requested a thirty-day extension of the objections deadline. The Court granted the Petitioner's motion and extended the objections deadline until November 6, 2015.[2] As of the date of this Order, the Court has not received any objections to the R&R. Therefore, after allowing for an appropriate amount of time to ensure personal receipt and to compensate for postal delays, the Court finds that the deadline for the Petitioner to submit objections to the R&R has passed.

Accordingly, this Court has reviewed the R&R for clear error. Upon careful consideration of the record, the parties' filings and the R&R, the Court finds no clear error. Magistrate Judge Seibert's analysis of the pertinent facts and applicable law was thorough. Ultimately, the magistrate judge concluded that the Petitioner's claims of ineffective

---

[2] Pursuant to the "prison mailbox rule," the date an inmate delivers a document to prison officials for forwarding to the clerk of court is considered to be the date of filing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

assistance of counsel were barred as duplicative of attacks on his sentence that were asserted during his direct appeal, and were otherwise precluded by the collateral attack waiver contained in the Petitioner's plea agreement. In addition to finding no clear error within the R&R, this Court has reviewed the remainder of the filings in this case and has reached the independent conclusion that the Petitioner has failed demonstrate that his counsel's performance was deficient in any way.

Upon review of the Petitioner's Motion to Appoint Counsel, the Court finds that it should be denied. Pursuant to 28 U.S.C. § 2255(g) and 18 U.S.C. § 3006A(a)(2), the Court may appoint counsel for an indigent petitioner if the interests of justice so require. The decision is a discretionary one, as there is no constitutional right to court-appointed counsel in a habeas proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) ("[T]his Court has held that the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255.") (citing Crowe v. United States, 175 F.2d 799, 801 (4th Cir. 1949)).

In the instant case, the interests of justice do not justify the appointment of counsel. The Petitioner has not raised—and, under the circumstances as they have been presented to the Court, cannot raise—a colorable claim. This is true of the Petitioner's arguments, direct and indirect, that his consecutive sentences are unlawful. It is also true of the Petitioner's contention that his counsel rendered ineffective assistance throughout the proceedings in the underlying criminal case and appeal.

3

For the above-stated reasons, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation [ECF No. 90] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Court **DENIES** the Petitioner's Motion to Appoint Counsel. ECF No. 92. The Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 63] is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent, pursuant to Federal Rule of Civil Procedure 58.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED:** January 14, 2016

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE